JESSE SPENCER *vs.* DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT.

APRIL 9, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Claim of Jury Trial on Entry Day.   Payment of Costs.*

Gen. Laws, cap. 286, § 7, provides "In all civil cases in a district court the plaintiff or defendant may claim a jury trial in writing on the entry-day

of the writ and either plaintiff or defendant may claim a jury trial in writing within two days, exclusive of Sundays and legal holidays after the decision is made: *Provided*, that the party claiming such jury trial at the time of claiming the same shall pay all *costs.*"

*Held*, that, the statute gave to a district court authority to tax such costs as have been necessarily incurred by a plaintiff in entering a case, and required a defendant claiming a jury trial on entry day to pay the same as a condition precedent to the certification of the case to the Superior Court, and a district court has no jurisdiction to certify a case unless such payment is made.

CERTIORARI.   Heard on petition for writ and denied.

PARKHURST, J.   The petitioner has filed in this court a petition for a writ of certiorari, as follows:

"Jesse Spencer, of the City and County of Providence and State of Rhode Island, complains of District Court of the Sixth Judicial District, in said County, and thereupon represents:

"*First.*   That on the Nineteenth day of October, 1914, Emilia D'Avilla issued out of said District Court, a writ of attachment against your petitioner, which after being duly served, was duly entered on its return day, to wit, the fourth day of November, 1914.

"*Second.*   That on the return day of said writ, your petitioner duly claimed a trial by jury in writing.

"*Third.*   That said court, ignoring said claim of jury trial, on to wit the second day of December, 1914, made the following decision.   'Decision for plaintiff for $260.00 and cost—the defendant not appearing.'

"*Fourth.*   Wherefore your petitioner prays that this honorable court may issue its writ of certiorari, ordering said District Court to certify the records thereof relating to said case, that they be presented in this court, to the end that the same or so much thereof as may be illegal may be quashed and that your petitioner may have such remedy as this court shall deem meet and proper and in the meantime that the proceedings under said decision of said District Court may be stayed.

"*Fifth.* And your petitioner prays that a citation may issue to said Emilia D'Avilla that she may appear and show cause if she has any, why the prayer of your petitioner should not be granted."

(1)    This petition is incomplete and informal in that it does not state fully the facts in the case as developed at the hearing, and does not formally set forth the grounds of error claimed.

It appeared at the hearing that when the petitioner, being then the defendant in the district court, in writing claimed jury trial on the entry-day of the writ, he declined and refused to pay the costs, and that therefore the case was not certified to the Superior Court.

The law applicable to the matter is found in Gen. Laws, R. I. 1909, Cap. 286, § 7 and § 8.

"Sec. 7.    In all civil cases in a district court the plaintiff or defendant may claim a jury trial in writing on the entry-day of the writ, and either plaintiff or defendant may claim a jury trial in writing within two days, exclusive of Sundays and legal holidays, after the decision is made: *Provided,* that in all cases for the possession of tenements let or held at will or by sufferance, such claim for a jury trial shall be claimed within six hours after decision is made; *and provided,* that the party claiming such jury trial at the time of claiming the same shall pay all costs;"    . . .

"Sec. 8.    If jury trial be so claimed, the case and papers shall, on the next court day of such district court, be certified and forthwith transmitted to the Superior Court for the county wherein the district court is established, and such case shall be in order for assignment for trial on the assignment-day which occurs next after ten days from such certification, but if the case be for tenements let, or held at will or by sufferance, it shall at once be certified to the Superior Court as aforesaid and shall be in order for assignment forthwith and shall take precedence of other matters on the calendar."

The petitioner in his brief appears to claim that under these provisions of the law, the district court lost its juris-

diction over the case at the moment when the claim of jury trial was filed and could do nothing except to certify and transmit the case and papers to the Superior Court; that it could not award any costs by reason of having no jurisdiction, and that the clerk could not tax any costs without an award of costs by the court; and that the provisions of Section 7, above quoted: "*Provided*, that the party claiming such jury trial at the time of claiming the same shall pay all costs," is entirely inapplicable and nugatory in this case because the defendant (petitioner) claimed a jury trial on the entry-day of the writ before any judgment could be entered against him; and that costs are only incident to a judgment and therefore could not be awarded where no judgment was entered, and that consequently the defendant was under no obligation to pay costs.

We are unable to agree with these contentions. The word "costs" as used in the statute above quoted has always, in practice, been construed to cover certain items fixed by statute, and which under the law the plaintiff is obliged to pay in the first instance in order to get his case into the district court. Thus it is provided in Chap. 364 (Gen. Laws, 1909), entitled "Of Fees and Costs in Certain Cases," as follows:

"Section 1. Every district court shall be allowed the following fees in full, to be taxed in the bill of costs in every civil action:

"For every writ signed by the justice or clerk . . . . . . . $   05
"For the entry of every action . . . . . . . . . . . . . . . .   1 00

\* \* \*

"Sec. 11. The fees of sheriffs, deputy sheriffs, town sergeants, and constables, shall be as follows:

\* \* \*

"For serving any writ of summons, of attachment,
   or other civil process, issued by a district court.   75

\* \* \*

"For every copy of a writ issued by a district court . .   50

\* \* \*

"For travel per mile to serve a subpœna or writ . . . . .   10"

And by Chap. 300, entitled "Of the Service of Writs," it is provided in Sec. 22, in relation to the service of a writ of attachment commanding the attachment of the personal estate of defendant in the hands of any person, copartnership, or corporation as trustee, that "it shall be served by leaving an attested copy thereof," . . . (in case of a corporation named as trustee, as in this case) with a certain defined person, and the officer making service "shall tender to the person upon whom service is made the sum of two dollars and his travelling fee as a witness in the Superior Court, and the sum of one dollar and a like travelling fee if the writ is returnable in any other court;" . . .

The entry upon the writ involved in this matter under the head of "Costs taxed" is as follows:

| | | |
|---|---:|---:|
| "Entry fee | $1 | 00 |
| Writ | | 05 |
| Officer's fees | 3 | 05 |
| | $4 | 10" |

The officer's fees certified upon the return of the officer upon the writ are as follows:

| | | |
|---|---:|---:|
| "Service | $ | 75 |
| Travel | | 20 |
| Copies | 1 | 00 |
| Paid Trustee | 1 | 10 |
| | $3 | 05" |

All of these items were paid by the plaintiff as a necessary prerequisite of the entry of the case in the district court and all of them are in accordance with the provisions of the law regarding fees and costs as above set forth.

We are of the opinion that by their plain and obvious construction the provisions of Chap. 286, Sec. 7, above quoted, expressly give to the district court authority to tax such costs as have necessarily been incurred by the plaintiff in getting his case into court and to require the defendant

claiming a jury trial on entry-day of writ to pay the same, as a condition precedent to the certification of the case and papers to the Superior Court under Sec. 8, above quoted; that the district court has express jurisdiction so to tax the costs and require their payment, and that the district court has no jurisdiction or authority to certify the case and papers to the Superior Court unless such payment is made.

We find therefore no error in the proceeding of the district court in refusing to certify this case and papers to the Superior Court.

The petition for a writ of certiorari is therefore denied and dismissed.

*Charles H. McKenna,* for petitioner.
*Quinn & McKiernan,* for respondent.